**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :<br>: **CRIMINAL ACTION NO. 15-370-1**<br>: **CIVIL ACTION NO. 20-CV-3016**<br>: |
| **v.** | :<br>:<br>: |
| **DAVID THOMAS** | : |

**McHUGH, J.**                                                           **November 24, 2020**

## MEMORANDUM

On August 6, 2015, Defendant David Thomas was indicted for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) (Count One); carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).[1]  *See* ECF No. 12.  On May 31, 2016, Thomas pled guilty to all three counts.  *See* ECF No. 60.  The Court sentenced Thomas to 108 months imprisonment on Counts One and Three and a mandatory consecutive term of 84 months on Count Two.  *See* ECF No. 105.  On June 22, 2020, Defendant filed a *pro se* motion for relief pursuant to 28 U.S.C. § 2255.  *See* ECF No. 140.  I find that his claims are without merit.

### I.     *Davis* **Claim**

Defendant claims that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019) and that his predicate offense, armed bank robbery, was not categorically a crime of

---

[1] Thomas also pled guilty in a related case, Criminal No. 15-443, which is not at issue here.

violence under § 924(c).  *See* ECF No. 140 at 6.  In *Davis*, the Supreme Court invalidated the

residual clause of § 924(c) as unconstitutionally vague and established that a "crime of violence"

must have "as an element[,] the use, attempted use, or threatened use of physical force against

the person or property of another."  *Id.* at 2330 (construing 18 U.S.C. § 924(c)(3)).

Defendant's sentence remains lawful even after *Davis.*  Mr. Thomas argues that his

predicate crime lacks the requisite elements because it can be accomplished "by force and

violence, or by intimidation."  *See* ECF No. 140 at 6.  He made a similar argument on appeal,

claiming that "bank robbery is not a categorical crime of violence … because it can be

accomplished by intimidation."  Opening Br. Appellant at 25, *United States v. Thomas*, 782 Fed.

Appx. 97 (3d Cir. 2019) (No. 17-1348).  A panel of the Third Circuit denied the appeal, as the

Third Circuit had previously concluded that § 2113(d) and § 2113(a) offenses categorically

constitute crimes of violence.  *See Thomas*, 782 Fed. Appx. at 99 n.9 (citing *U.S. v. Johnson*, 899

F.3d 191, 203–04 (3d Cir. 2018)).  The Third Circuit recently reaffirmed this interpretation in

*United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (noting that "we have recently held

that armed bank robbery is categorically a crime of violence under § 924(c)(3)'s elements

clause").  Taken together, these decisions clearly establish that Thomas' armed robbery of a bank

constituted a "crime of violence" for the purposes of 924(c).[2]

## II.   *Rehaif* Claim

Mr. Thomas also challenges his conviction under § 922(g)(1) for possession of a firearm

by a felon, relying on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191

---

[2] Thomas also argues that his conviction must be vacated because "aiding and abetting armed bank robbery doesn't
need the attempted use of physical force."  ECF No. 140 at 6.  I need not reach the merits of this contention, as
Thomas' bank robbery conviction did not rest solely on aiding and abetting.  The Government alleged that Thomas
had brandished a semiautomatic firearm within TD Bank, commanded the tellers to open the register, and lined his
pockets with the stolen funds.  *See* ECF No. 61.  In entering his plea, Thomas admitted that it rested upon a valid
factual basis. *See* Opening Br. Appellant at 5, *United States v. Thomas*, 782 Fed. Appx. 97 (3d Cir. 2019) (No. 17-
1348).

(2019).  There, the Supreme Court concluded that, in enacting § 922(g), Congress required the Government to prove that the defendant knowingly possessed a firearm and that he knew of the legal status that made such possession unlawful.  *Id.* at 2195.  Mr. Thomas appears to claim that he was unaware of his status as a felon at the time of the offense.  *See* ECF No. 140 at 7.

Notably, Defendant did not raise this claim at trial or on appeal, and it is procedurally defaulted unless he fits within an exception.  To prevail, he must show both "cause" for the default and "actual prejudice."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  It is of little consequence that the argument that prevailed in *Rehaif* had previously been denied by circuit courts. As the Supreme Court stated in *Bousley*, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id.* at 623, unless the "claim 'is so novel that its legal basis is not reasonably available to counsel."  *Id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  Here, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts.  *See United States v. Rehaif*, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Nor does ineffective assistance of counsel suffice to excuse the default, as counsel is not expected to foresee every change in the law.  *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015); *Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996).  As stated by the Supreme Court in the context of § 2254, "it will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (internal citation omitted).  However, "as *Strickland v. Washington* made clear, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

3

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* Without more, I cannot find that counsel was ineffective in Defendant's case.

The remaining question is whether Thomas can prevail under the doctrine of "actual innocence." *Bousley,* 523 U.S. at 623. This would require him to show that it was "more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In *Bousley,* the Supreme Court made clear that this standard takes into account the Government's ability to prove the required element of the charge. 523 U.S. at 623-24.

*Rehaif* requires only proof that the defendant knew his *status* as a person previously convicted of a crime punishable by more than a year in prison; it does not require proof that the defendant knew that his firearm possession was illegal. 139 S. Ct. at 2196. In this case, the presentence report established that Thomas pled guilty to carrying a firearm without a license on February 4, 2015 and was sentenced to a term of imprisonment ranging from 6 to 23 months. *See* PSR ¶ 96. Thus, Thomas was indisputably aware that he had been previously convicted of a crime punishable by more than one year in prison, as required by *Rehaif.* On this record, he can hardly show that he was unaware of his felon status, and thus cannot establish actual innocence under the *Rehaif* standard. 139 S. Ct. at 2196.

## III.   Conclusion

For the reasons set forth above, the Court will deny the Defendant's motion to vacate under 28 U.S.C. § 2255. The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2).

/s/ Gerald Austin McHugh
United States District Judge

4